KLESTADT & WINTERS, LLP
Tracy L. Klestadt
John E. Jureller, Jr.
570 Seventh Avenue, 17th Floor
New York, NY 10018
Tel. (212) 972-3000
Fax. (212) 972-2245

*Attorneys for FTI Consulting, Inc., solely in its
capacity as Liquidating Trustee of the Dewey &
LeBoeuf Secured Lender Trust established under
the Second Amended Chapter 11 Plan of Liquidation
of Dewey & LeBoeuf LLP Dated January 7, 2013*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| DEWEY & LEBOEUF, LLP, | : | Case No. 12-12321(MG) |
| | : | |
| Debtor. | : | |
| | : | |
| FTI CONSULTING, INC., solely in its | : | |
| capacity as Liquidating Trustee of the Dewey | : | Adv. Pro. No. 14-_____-mg |
| & LeBoeuf Secured Lender Trust, | : | |
| established under the Second Amended | : | |
| Chapter 11 Plan of Liquidation of Dewey & | : | |
| LeBoeuf LLP Dated January 7, 2013, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| LCN CAPITAL LLC a/k/a LCN CAPITAL | : | |
| PARTNERS LLC, LCN NORTH | : | |
| AMERICAN GP, L.P., LCN | : | |
| MANAGEMENT COMPANY S.á.r.l., LCN | : | |
| NORTH AMERICAN FUND, L.P., LCN | : | |
| EUROPEAN FUND, FCP-SIF, LCN | : | |
| CAPITAL PARTNERS, L.P., and | : | |
| EDWARD LAPUMA, individually, | : | |
| | : | |
| Defendants. | | |

1

## COMPLAINT

Plaintiff, FTI Consulting, Inc., solely in its capacity as Liquidating Trustee of the Dewey & LeBoeuf Secured Lender Trust, established under the Second Amended Chapter 11 Plan of Liquidation of Dewey & LeBoeuf LLP Dated January 7, 2013 ("Plaintiff" or "Trustee"), by and through its counsel, Klestadt & Winters, LLP, as and for its complaint (the "Complaint") against LCN Capital LLC a/k/a LCN Capital Partners LLC ("LCN Capital"), LCN North American GP, L.P. ("LCN N.A."), LCN Management Company S.á.r.l. ("LCN Management", and with LCN N.A. as "LCN Governing Entities"), LCN North American Fund, L.P. ("LCN N.A. Fund"), LCN European Fund, FCP-SIF ("LCN European Fund" and with LCN N.A. Fund as the "LCN Funds"), LCN Capital Partners, L.P. ("LCN LP" or "LCN Investment Manager", and collectively with LCN Capital, LCN N.A., LCN Management, and LCN Funds as "LCN Defendants"), and Edward LaPuma ("LaPuma", and collectively with LCN Defendants as "Defendants"), respectfully alleges as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334 and the Standing Order of Reference Re: Title 11 of the United States District Court for the Southern District of New York dated January 31, 2012.  The statutory predicates for the relief request herein is 11 U.S.C. §§ 541 and 542.

2.  This is a core proceeding pursuant to 28 U.S.C. §157(b).

3.  Venue of this proceeding is proper pursuant to 28 U.S.C. §§1408 and 1409.

4.  The Court has *in personam* jurisdiction over Defendants pursuant to the applicable rules of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the New York Civil Practice Law and Rules (the "CPLR"), including sections 301 and 302 of the

CPLR.

## **PROCEDURAL BACKROUND**

5.      On May 28, 2012 (the "Petition Date"), Dewey & LeBoeuf LLP ("DL" or the

"Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code

(the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New

York (the "Bankruptcy Court") commencing the above-captioned chapter 11 case (the "Chapter

11 Case").

6.      On January 7, 2013, the Debtor filed its Second Amended Chapter 11 Plan of

Liquidation of Dewey & LeBoeuf LLP Dated January 7, 2013 (the "Plan").

7.      On February 27, 2013 the Bankruptcy Court entered its Order Confirming

Debtor's Modified Second Amended Plan of Liquidation of Dewey & LeBoeuf LLP, Dated

January 7, 2013 (the "Confirmation Order") which confirmed the Plan, as modified.

8.      Pursuant to Section 7.1(a) of the Plan, as of the Effective Date, the Secured

Lender Trust was formed to liquidate the Secured Lender Trust Assets (as defined in the Plan).

9.      Pursuant to Section 1.141 of the Plan, the term "Secured Lender Trust Assets"

means "all (a) WIP, (b) Receivables, (c) Foreign Office Recoveries (d) Receivables Cash

Collateral, excluding the Liquidation Trust Funding Amount, the Admin/Priority Claims

Reserve, (e) all additional assets transferred or assigned to the Secured Lender Trust, (f) any

documents and data evidencing, or otherwise relating thereto, and (g) all Causes of Action

relating to the foregoing."

10.      Pursuant to Section 1.125 of the Plan, the term "Receivables" means "collectively

and individually, as applicable, accounts receivable generated or otherwise owned by the Debtor,

any of its branch offices (foreign or domestic) or any of its affiliates (foreign or domestic) arising

out of or in connection with the Debtor's pre-petition rendering of services, including the

Debtor's rights to be compensated for its services and reimbursed for related costs and expenses

incurred, amounts disbursed or obligations incurred for the account of the Debtor's clients for

fees paid or payable to, or goods or services obtained from, Partners and Employees or third-

parties, whether or not the Debtor has rendered a bill for such services or disbursements or

entered the value of such services or disbursements in its books as accounts receivable, whether

or not such services or disbursements have been completed and whether or not an express or

implied agreement for compensation for such services or reimbursement for such disbursements

exists, *provided, however*, that Receivables shall not include proceeds from Unfinished Business

Claims unless such proceeds are directly attributable to the Debtor's rendering of pre-petition

services, *provided further* that Receivables shall not include Harris Contingency Fee Claims. For

the avoidance of doubt, Receivables shall include any amounts owed by Arab Bank plc (whether

contingent or otherwise) in connection with the Debtor's pre-petition rendering of legal services;

provided that any Claims against Partners of the Debtor (and their respective law firms) arising

out of legal services rendered by such Partners (and their respective law firms) to Arab Bank plc

after such Partners' departure from the Debtor shall be treated as Unfinished Business Claims."

11.    Pursuant to Section 1.162 of the Plan, the term "WIP" means "all work in process

of the Debtor, any of its foreign or domestic branch offices or any of its foreign or domestic

affiliates that has not yet been converted to Receivables."

12.    Pursuant to paragraph 52 of the Confirmation Order, the "Secured Lender Trustee

shall be appointed representative of the Estate, and shall have comparable authority as a

bankruptcy trustee of the Debtor, and exclusively retain and may prosecute and enforce, and the

Debtor expressly reserves and preserves for these purposes, in accordance with sections

1123(a)(5)(B) and 1123(b)(3) of the Bankruptcy Code, any Claims, demands, rights and Causes of Action to the extent they are Secured Lender Trust Assets."

13.    Pursuant to section 1.21 of the Plan, the term "Causes of Action" means "any and all Claims, rights, actions, choses in action, suits, causes of action, liens, judgments and damages belonging to the Debtor or its Estate and any and all liabilities, obligations, covenants, undertakings and debts owing to the Estate, whether arising prior to, or after, the Petition Date and in each case whether known or unknown, in law, equity or otherwise, including, without limitation, Receivables, actions to collect Reconciliation Amounts and those Claims and actions to avoid or recover pre-petition or post-petition transfers of money or property pursuant to applicable bankruptcy and non-bankruptcy law (including rights and remedies arising under Chapter 5 of the Bankruptcy Code)."

14.    Pursuant to section 1.22 of the Plan, the term "Claim" means "(a) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured."

15.    Pursuant to Section 7.11 of the Plan, on the Effective Date, all Causes of Action, rights of setoff and other legal and equitable defenses of the Debtor and Estate are preserved for the benefit of holders of the Liquidation Trust Interests and Secured Lender Trust Interests and were to be transferred to and vested in the Liquidation Trust and Secured Lender Trust, as applicable.

16.    Pursuant to paragraph 89(e) of the Confirmation Order, the Bankruptcy Court

retained jurisdiction to, among other things, "adjudicate such contested and non-contested matters, adversary proceedings involving the Debtor as may be pending or subsequently initiated in the Bankruptcy Court including, but not limited to Causes of Action or Claims captured within this Plan."

17.    Pursuant to paragraph 42 of the Confirmation Order, on the Effective Date (as defined by the Plan) FTI Consulting, Inc. is deemed appointed as the Secured Lender Trustee.

18.    Pursuant to paragraph 44 of the Confirmation Order, on the Effective Date (as defined by the Plan) the Debtor was deemed to have transferred and assigned to the Secured Lender Trust the Secured Lender Trust Assets, which were deemed to have vested in the Secured Lender Trust.

19.    Pursuant to paragraph 45 of the Confirmation Order, all transfers of property to the Secured Lender Trust were legal, valid and effective transfers of property, and vested the Secured Lender Trust with good title to such property free and clear of all liens, charges, claims, encumbrances or interests, except as expressly provided in the Plan or Confirmation Order.

20.    Pursuant to section 1.44 of the Plan, the term "Effective Date" means "the first Business Day after the later of the date (a) that the Confirmation Order (together with other orders entered in aid of confirmation of this Plan, and signed contemporaneously with the Confirmation Order) has been entered pursuant to Bankruptcy Rules 5003 and 9021; and (b) on which all conditions precedent have been satisfied or waived as provided in Sections 12.2 and 12.3 hereof."

21.    The Effective Date of the Plan occurred on March 22, 2013, and, pursuant to the Plan, the Secured Lender Trust was established, the Secured Lender Trust Assets were transferred to the Secured Lender Trust, and the Plaintiff was appointed as Liquidating Trustee.

## THE PARTIES

22.     Plaintiff is a New York corporation, acting solely in its capacity as Liquidating Trustee of the Secured Lender Trust (as defined by the Plan) established under the Second Amended Chapter 11 Plan of Liquidation of Dewey & LeBoeuf LLP Dated January 7, 2013, with a place of business at 3 Times Square, New York, New York 10036.

23.     Defendant LCN Capital is, upon information and belief, a limited liability company, organized under the laws of Delaware, with principal places of business located at 142 West 57th Street, 11th Floor, New York, New York 10019, and is a former client of the Debtor. LCN Capital is the fund manager of LCN N.A. Fund, and, upon information and belief, LCN European Fund.  LCN Capital, and its related LCN Funds, Governing Entities and Investment Managers (as defined in the LCN PPM)(defined below herein), initially were intended to be formed using, as part of its identity, the common trade name "Continuum" and work was performed under such trade name; however, in or about November 3, 2010, the principals, Edward LaPuma and Bryan York Colwell (collectively as the "Principals") decided to change the name to "LCN" due to prior use of the "Continuum" trade name and mark by unrelated parties and to avoid possible infringement issues.  Upon information and belief, LCN Capital had actual and/or apparent authority to bind the LCN Defendants into a contractual agreement with the Debtors.

24.     Defendant LCN N.A. is, upon information and belief, a limited partnership, organized under the laws of Delaware, with principal places of business located at 142 West 57th Street, 11th Floor, New York, New York 10019, and was a former client of the Debtor.  Upon information and belief, LCN N.A. was the Governing Entity of LCN N.A. Fund, and pursuant to the Confidential Private Placement Memorandum ("LCN PPM") of the LCN Funds dated April

7

2012, under "Organizational Expenses", was responsible for all Organizational Expenses in excess of $500,000 for LCN N.A. Fund.

25.     Defendant LCN Management is, upon information and belief, a société à responsabilité limité, incorporated and existing under the laws of the Grand Duchy of Luxembourg, with a place of business located at 142 West 57th Street, 11th Floor, New York, New York 10019, and was a former client of the Debtor.  Upon information and belief, LCN Management was the Governing Entity of LCN European Fund, and pursuant to the LCN PPM, under "Organizational Expenses", was responsible for all Organizational Expenses in excess of €500,000 for LCN European Fund.

26.     Defendant LCN N.A. Fund is, upon information and belief, a limited partnership organized under the laws of Delaware, with principal places of business located at 142 West 57th Street, 11th Floor, New York, New York 10019, and was a former client of the Debtor.  Upon information and belief, LCN N.A. Fund is an investment vehicle that invests in real estate sale-leaseback investments in North America.

27.     Defendant LCN European Fund is, upon information and belief, a Luxembourg common fund, with principal places of business located at 142 West 57th Street, 11th Floor, New York, New York 10019 and 33 St. James Square, London W1J 6BD, England U.K, and was a former client of the Debtor.  Upon information and belief, LCN European Fund is an investment vehicle that invests in real estate sale-leaseback investments in Europe.

28.     Defendant LCN LP, is, upon information and belief, a limited partnership, organized under the laws of Delaware, with principal places of business located at 142 West 57th Street, 11th Floor, New York, New York 10019, and was a former client of the Debtor.  Upon information and belief, LCN LP was the Investment Manager of one or both of the LCN Funds.

29.      Upon information and belief, at all relevant times, the Principals retained the Debtor to perform work to establish the new LCN Funds, and the related Fund Manager, Governing Entities and Investment Manager, each of which was, and remained, obligated to pay all fees incurred by the Debtor for such work.

30.      Upon information and belief, LaPuma was, at all relevant times, one of the founding Principals of LCN Defendants.  Upon information and belief, LCN Defendants and/or LaPuma engaged the Debtor to perform certain legal services for LaPuma individually as set forth more fully below.

## NATURE OF THE ACTION

31.      This action is commenced by the Secured Lender Trustee, as assignee of the Debtor pursuant to the Plan, for recovery of Fees (as defined below) and Expenses (as defined below) incurred by the Debtor on behalf of Defendants in providing legal services requested by Defendants and performed by Debtor, for which the Debtor provided the Invoice (as defined below and as summarized on **Schedule A** hereto) and which Defendants, despite repeated requests, have failed and refused to pay.

## FACTUAL BACKGROUND

**I.      Services Performed for LCN Defendants**:

32.      LCN Defendants were formerly clients of the Debtor, including during the period from at least July 2010 and continuing through May 2012 (the "Relevant Period").

33.      During the Relevant Period, LCN Defendants engaged and retained the Debtor to provide certain legal services to LCN Defendants, including but not limited to forming the LCN Funds, and the related Fund Manager, Governing Entities and Investment Managers.

34.     During the Relevant Period, LCN Defendants requested that the Debtor perform certain legal services for LCN Defendants' benefit.

35.     During the Relevant Period, the Debtor provided legal services to and for the benefit of LCN Defendants in various matters.

36.     Upon information and belief, LCN Defendants agreed to pay the Debtor its customary rates for the legal services rendered (the "Fees"), and to reimburse the Debtor for disbursements made by the Debtor in the course of providing legal services to LCN Defendants (the "Expenses").

37.     The Debtor billed LCN Defendants for certain Fees and Expenses during the Relevant Period and transmitted the Invoice to LCN Defendants (the "Invoice") for Fees and Expenses, in the amount of $668,701.10[1] (the "Fund Formation Invoiced Amount").

38.     Upon information and belief, the Debtor forwarded the Invoice to LCN Defendants pursuant to agreement of the parties and upon instruction of Joseph Smith, a former partner of the Debtor.

39.     The Debtor has made numerous demands to LCN Defendants to pay the Fund Formation Invoiced Amount; however, to date, LCN Defendants have refused to make full payment of the amounts set forth in the Invoice.

40.     Despite due demand, LCN Defendants have failed and refused to pay the Fund Formation Invoiced Amount, for Fees and Expenses for legal services rendered and reimbursement of expenses, the sum of which equal and have a value in the amount of $668,701.10.

**II.     Services Performed for LaPuma Litigation:**

---

[1] The balance set forth on the Invoice is $768,981.10, of which, upon information and belief, the sum of $668,701.10 relates to the Fund Formation Invoiced Amount and the sum of $100,280.00 relates to the Litigation Invoiced Amount (as defined later herein).

41.     Upon information and belief, LaPuma and/or LCN Defendants were formerly clients of the Debtor, including during the period from at least March 2012 and continuing through May 2012.

42.     Upon information and belief, at all relevant times, LaPuma and/or LCN Defendants engaged and retained the Debtor to provide certain legal services to LaPuma with respect to, *inter alia*, the matter of *Aboutaam v. LaPuma, et al.,* pending in the Supreme Court of the State of New York, County of New York, Index No. 102024/2012 (the "Litigation").

43.     Upon information and belief, at all relevant times, LaPuma and/or LCN Defendants requested that the Debtor perform certain legal services for LaPuma's and LCN Defendants' benefit.

44.     Upon information and belief, at all relevant times, the Debtor provided legal services to and for the benefit of LaPuma and LCN Defendants in, *inter alia,* the Litigation.

45.     Upon information and belief, LaPuma and LCN Defendants agreed to pay the Debtor its customary rates for the legal services rendered (the "Fees"), and to reimburse the Debtor for disbursements made by the Debtor in the course of providing legal services to LaPuma and LCN Defendants (the "Expenses").

46.     The Debtor billed LaPuma and LCN Defendants for certain Fees and Expenses during the relevant period and transmitted the Invoice to LaPuma and LCN Defendants (the "Invoice") for Fees and Expenses, in the amount of $100,280.00 (the "Litigation Invoiced Amount").

47.     Upon information and belief, the Debtor forwarded the Invoice to LaPuma and LCN Defendants pursuant to agreement of the parties and upon instruction of Joseph Smith, a former partner of the Debtor.

48.     Upon information and belief, the Debtor has made numerous demands to LaPuma and LCN Defendants to pay the Litigation Invoiced Amount; however, to date, LaPuma and LCN Defendants have refused to make full payment of the amounts set forth in the Invoice.

49.     Despite due demand, LaPuma and LCN Defendants have failed and refused to pay the Litigation Invoiced Amount, for Fees and Expenses for legal services rendered and reimbursement of expenses, the sum of which equal and have a value in the amount of $100,280.00.

A.     **CAUSES OF ACTION AGAINST LCN DEFENDANTS FOR FUND FORMATON INVOICED AMOUNT**

**FIRST CAUSE OF ACTION**
**DECLARATION THAT FEES AND EXPENSES INVOICED**
**AND DUE AND OWING ARE PROPERTY OF THE ESTATE (11 U.S.C. § 541)**

50.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 49 above, with the same force and effect as if set forth at length herein.

51.     Pursuant to section 541(a)(1) of the Bankruptcy Code, property of the estate is defined to consist of all legal or equitable interests of the debtor in property as of the commencement of the case.

52.     Therefore, the Fund Formation Invoiced Amounts due and owing to the Debtor from LCN Defendants is property of the Estate despite the fact that the funds are in the possession of LCN Defendants, because Congress intended a broad range of property to be included in the estate.

53.     Plaintiff is therefore entitled to a declaration that the Fund Formation Invoiced Amount due and owing to the Debtor from LCN Defendants is property of the Debtor's Estate pursuant to section 541 of the Bankruptcy Code.

## SECOND CAUSE OF ACTION
## TURNOVER OF THE INVOICED AMOUNTS DUE AND
## OWING AS PROPERTY OF THE ESTATE (11 U.S.C. § 542)

54.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 53 above, with the same force and effect as if set forth at length herein.

55.     LCN Defendants have failed and refused to turn over the payments due and owing to the Debtor in the Fund Formation Invoiced Amount, despite due demand therefore.

56.     Pursuant to section 542 of the Bankruptcy Code, LCN Defendants are required to deliver to Plaintiff, as the Debtor's assignee, and account for, such property or the value of such property, unless such property is of inconsequential value.

57.     Pursuant to section 542 of the Bankruptcy Code, Plaintiff is entitled to immediate turn over and payment of the Fund Formation Invoiced Amount due and owing to the Debtor by LCN Defendants, because it is property of the Debtor's estate as defined under section 541 of the Bankruptcy Code.

58.     As a result of the foregoing, the Debtor's estate has been damaged in the sum of not less than $668,701.10 and requests that the Court enter judgment in favor of Plaintiff as against LCN Defendants in the sum of $668,701.10, plus interest thereon.

## THIRD CAUSE OF ACTION
## UNJUST ENRICHMENT

59.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 58 above, with the same force and effect as if set forth at length herein.

60.     During the Relevant Period, the Debtor conferred a benefit upon LCN Defendants by rendering legal services to LCN Defendants and advancing expenses, at LCN Defendants' specific instance and request, in the aggregate value of $668,701.10 as set forth in the Invoice, of which amount LCN Defendants have not paid the sum of $668,701.10.

61.     LCN Defendants, without objection, knowingly and willingly accepted the benefit of the Debtor's legal services.

62.     By virtue of the foregoing, LCN Defendants have been unjustly enriched in the Fund Formation Invoiced Amount, the agreed price and the reasonable value of the legal services provided by the Debtor and the disbursements that the Debtor expended in rendering said legal services.

63.     As a result thereof, LCN Defendants are indebted to the Debtor's estate for the amount of the Fund Formation Invoiced Amount in the total amount of $668,701.10.

64.     No part of the Fund Formation Invoiced Amount has been paid by the LCN Defendants despite the fact that payment is due and has been duly demanded.

65.     As a result of the foregoing, the Debtor's estate has been damaged in the sum of not less than $668,701.10 and requests that the Court enter judgment in favor of Plaintiff as against LCN Defendants in the sum of $668,701.10, plus interest thereon.

## FOURTH CAUSE OF ACTION
## <u>QUANTUM MERUIT</u>

66.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 65 above, with the same force and effect as if set forth at length herein.

67.     During the Relevant Period, the Debtor rendered legal services to LCN Defendants, the fair and reasonable value of which services is set forth in the Invoice.

68.     LCN Defendants have failed and refused to pay the balance of the Fund Formation Invoiced Amount.

69.     LCN Defendants, without objection, knowingly and willingly accepted the benefit of the Debtor's legal services.

70.     The Debtor, in rendering such legal services and through LCN Defendants'

14

actions, reasonably expects and expected to be paid for the value of the services rendered and to recover in *quantum meruit*.

71.    As a result thereof, LCN Defendants are indebted to the Debtor's estate for the amount of the Fund Formation Invoiced Amount in the total amount of $668,701.10.

72.    As a result of the foregoing, the Debtor's estate has been damaged in the sum of not less than $668,701.10 and requests that the Court enter judgment in favor of Plaintiff as against LCN Defendants in the sum of $668,701.10, plus interest thereon.

**FIFTH CAUSE OF ACTION**
**BREACH OF CONTRACT**

73.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 72, with the same force and effect as if set forth at length herein.

74.    Pursuant to the agreement of the parties herein, LCN Defendants are obligated to pay the Debtor the sum of $668,701.10 for legal services rendered by the Debtor to LCN Defendants, at LCN Defendants' specific instance and request, as set forth in the Invoice.

75.    LCN Defendants continued failure to pay the Debtor or its Estate the Fund Formation Invoiced Amount for the legal services that the Debtor rendered to LCN Defendants is a continuing breach of the agreement or agreements into which the Debtor and LCN Defendants entered.

76.    No part of the Fund Formation Invoiced Amount has been paid although payment is due and has been duly demanded.

77.    As a result of the foregoing, the Debtor's estate has been damaged in the sum of not less than $668,701.10 and requests that the Court enter judgment in favor of Plaintiff as against LCN Defendants in the sum of $668,701.10, plus interest thereon.

## SIXTH CAUSE OF ACTION
## BREACH OF IMPLIED CONTRACT

78.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 77, with the same force and effect as if set forth at length herein.

79.     LCN Defendants, by their actions, impliedly agreed that the Debtor would be paid for the legal services that the Debtor rendered to LCN Defendants, at the Debtor's customary billing rates.

80.     LCN Defendants are obligated to pay the Debtor the sum of $668,701.10 for legal services rendered by the Debtor to LCN Defendants, at LCN Defendants' specific instance and request.

81.      LCN Defendants' continued failure to pay the Debtor the Fund Formation Invoiced Amount for legal services that the Debtor rendered to LCN Defendants is a continuing breach of the implied agreement or agreements into which the Debtor and LCN Defendants entered.

82.     No part of the Fund Formation Invoiced Amount has been paid although payment is due and has been duly demanded.

83.     As a result of the foregoing, the Debtor's estate has been damaged in the sum of not less than $668,701.10 and requests that the Court enter judgment in favor of Plaintiff as against LCN Defendants in the sum of $668,701.10, plus interest thereon.

## SEVENTH CAUSE OF ACTION
## ACCOUNT STATED

84.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 83, with the same force and effect as if set forth at length herein.

85.     The amounts due and owing from LCN Defendants to the Debtor are set forth in

the Invoice transmitted to LCN Defendants pursuant to agreement of the Parties.

86.    An account was taken and stated between the Debtor and LCN Defendants, and

delivered to LCN Defendants as evidenced by the Invoice.

87.    LCN Defendants did not timely contest or object to the Invoices.

88.    By reason of the aforementioned account stated, the Fund Formation Invoiced

Amount, plus interest thereon, is due and owing to the Debtor by LCN Defendants.

89.    As a result of the foregoing, the Debtor's estate has been damaged in the sum of

not less than $668,701.10 and requests that the Court enter judgment in favor of Plaintiff as

against LCN Defendants in the sum of $668,701.10, plus interest thereon.

**B.**    **CAUSES OF ACTION AGAINST LAPUMA AND LCN DEFENDANTS FOR**
**LITIGATION INVOICED AMOUNT**

**EIGHTH CAUSE OF ACTION**
**DECLARATION THAT FEES AND EXPENSES INVOICED**
**AND DUE AND OWING ARE PROPERTY OF THE ESTATE (11 U.S.C. § 541)**

90.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1

through 89 above, with the same force and effect as if set forth at length herein.

91.    Pursuant to section 541(a)(1) of the Bankruptcy Code, property of the estate is

defined to consist of all legal or equitable interests of the debtor in property as of the

commencement of the case.

92.    Therefore, the Litigation Invoiced Amount due and owing to the Debtor from the

LaPuma and LCN Defendants is property of the Estate despite the fact that the funds are in the

possession of the LaPuma and LCN Defendants, because Congress intended a broad range of

property to be included in the estate.

93.    Plaintiff is therefore entitled to a declaration that the Litigation Invoiced Amount

due and owing to the Debtor from LaPuma and LCN Defendants is property of the Debtor's

Estate pursuant to section 541 of the Bankruptcy Code.

## NINTH CAUSE OF ACTION
## TURNOVER OF THE INVOICED AMOUNTS DUE AND
## OWING AS PROPERTY OF THE ESTATE (11 U.S.C. § 542)

94.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1

through 93 above, with the same force and effect as if set forth at length herein.

95.     LaPuma and LCN Defendants have failed and refused to turn over the payments

due and owing to the Debtor in the Litigation Invoiced Amount, despite due demand therefore.

96.     Pursuant to section 542 of the Bankruptcy Code, LaPuma and LCN Defendants

are required to deliver to Plaintiff, as the Debtor's assignee, and account for, such property or the

value of such property, unless such property is of inconsequential value.

97.     Pursuant to section 542 of the Bankruptcy Code, Plaintiff is entitled to immediate

turn over and payment of the Litigation Invoiced Amount due and owing to the Debtor by the

LaPuma and LCN Defendants, because it is property of the Debtor's estate as defined under

section 541 of the Bankruptcy Code.

98.     As a result of the foregoing, the Debtor's estate has been damaged in the sum of

not less than $100,280.00 and requests that the Court enter judgment in favor of Plaintiff as

against LaPuma and LCN Defendants in the sum of $100,280.00, plus interest thereon.

## TENTH CAUSE OF ACTION
## UNJUST ENRICHMENT

99.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1

through 98 above, with the same force and effect as if set forth at length herein.

100.    At all relevant times, the Debtor conferred a benefit upon LaPuma and LCN

Defendants by rendering legal services to LCN Defendants and advancing expenses, at LaPuma

and/or LCN Defendants' specific instance and request, in the aggregate value of $100,280.00 as

set forth in the Invoice, of which amount LaPuma and LCN Defendants have not paid the sum of

$100,280.00.

101.    LaPuma and LCN Defendants, without objection, knowingly and willingly

accepted the benefit of the Debtor's legal services.

102.    By virtue of the foregoing, LaPuma and LCN Defendants have been unjustly

enriched in the Litigation Invoiced Amount, the agreed price and the reasonable value of the

legal services provided by the Debtor and the disbursements that the Debtor expended in

rendering said legal services.

103.    As a result thereof, LaPum and LCN Defendants are indebted to the Debtor's

estate for the amount of the Litigation Invoiced Amount in the total amount of $100,280.00.

104.    No part of the Litigation Invoiced Amount has been paid by LaPuma or LCN

Defendants despite the fact that payment is due and has been duly demanded.

105.    As a result of the foregoing, the Debtor's estate has been damaged in the sum of

not less than $100,280.00 and requests that the Court enter judgment in favor of Plaintiff as

against LaPuma and LCN Defendants in the sum of $100,280.00, plus interest thereon.

## ELEVENTH CAUSE OF ACTION
## QUANTUM MERUIT

106.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1

through 105 above, with the same force and effect as if set forth at length herein.

107.    At all relevant times, the Debtor rendered legal services to LaPuma and LCN

Defendants with respect to, *inter alia*, the Litigation, the fair and reasonable value of which

services is set forth in the Invoice.

108.    LaPuma and LCN Defendants have failed and refused to pay the balance of the

Litigation Invoiced Amount.

109.    LaPuma and LCN Defendants, without objection, knowingly and willingly accepted the benefit of the Debtor's legal services.

110.    The Debtor, in rendering such legal services and through LaPuma's and LCN Defendants' actions, reasonably expects and expected to be paid for the value of the services rendered and to recover in *quantum meruit*.

111.    As a result thereof, LaPuma and LCN Defendants are indebted to the Debtor's estate for the amount of the Litigation Invoiced Amount in the total amount of $100,280.00.

112.    As a result of the foregoing, the Debtor's estate has been damaged in the sum of not less than $100,280.00 and requests that the Court enter judgment in favor of Plaintiff as against LaPuma and LCN Defendants in the sum of $100,280.00, plus interest thereon.

## TWELFTH CAUSE OF ACTION
## BREACH OF CONTRACT

113.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 102, with the same force and effect as if set forth at length herein.

114.    Pursuant to the agreement of the parties herein, LaPuma and LCN Defendants are obligated to pay the Debtor the sum of $100,280.00 for legal services rendered by the Debtor to LaPuma and LCN Defendants, at LaPuma's and LCN Defendants' specific instance and request, as set forth in the Invoice.

115.    LaPuma and LCN Defendants continued failure to pay the Debtor or its Estate the Litigation Invoiced Amount for the legal services that the Debtor rendered to LaPuma and LCN Defendants is a continuing breach of the agreement or agreements into which the Debtor, on the one hand, and LaPuma and LCN Defendants, on the other hand, entered.

116.    No part of the Litigation Invoiced Amount has been paid although payment is due

and has been duly demanded.

117.    As a result of the foregoing, the Debtor's estate has been damaged in the sum of not less than $100,280.00 and requests that the Court enter judgment in favor of Plaintiff as against LaPuma and LCN Defendants in the sum of $100,280.00, plus interest thereon.

**THIRTEENTH CAUSE OF ACTION**
**BREACH OF IMPLIED CONTRACT**

118.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 117, with the same force and effect as if set forth at length herein.

119.    LaPuma and LCN Defendants, by their actions, impliedly agreed that the Debtor would be paid for the legal services that the Debtor rendered to LaPuma and LCN Defendants, at the Debtor's customary billing rates.

120.    LaPuma and LCN Defendants are obligated to pay the Debtor the sum of $100,280.00 for legal services rendered by the Debtor to LaPuma and LCN Defendants, at LaPuma's and LCN Defendants' specific instance and request.

121.    LaPuma's and LCN Defendants' continued failure to pay the Debtor the Litigation Invoiced Amount for legal services that the Debtor rendered to LaPuma and LCN Defendants is a continuing breach of the implied agreement or agreements into which the Debtor, on the one hand, and LaPuma and LCN Defendants, on the other hand, entered.

122.    No part of the Litigation Invoiced Amount has been paid although payment is due and has been duly demanded.

123.    As a result of the foregoing, the Debtor's estate has been damaged in the sum of not less than $100,280.00 and requests that the Court enter judgment in favor of Plaintiff as against LaPuma and LCN Defendants in the sum of $100,280.00, plus interest thereon.

## FOURTEENTH CAUSE OF ACTION
## <u>ACCOUNT STATED</u>

124.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 123, with the same force and effect as if set forth at length herein.

125.    The amounts due and owing from LaPuma and LCN Defendants to the Debtor are set forth in the Invoice transmitted to LaPuma and LCN Defendants pursuant to agreement of the Parties.

126.    An account was taken and stated between the Debtor and LaPuma and LCN Defendants, and delivered to LaPuma and LCN Defendants as evidenced by the Invoice.

127.    LaPuma and LCN Defendants did not timely contest or object to the Invoices.

128.    By reason of the aforementioned account stated, the Litigation Invoiced Amount, plus interest thereon, is due and owing to the Debtor by LaPuma and LCN Defendants.

129.    As a result of the foregoing, the Debtor's estate has been damaged in the sum of not less than $100,280.00 and requests that the Court enter judgment in favor of Plaintiff as against LaPuma and LCN Defendants in the sum of $100,280.00, plus interest thereon.

THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an order (i) on the First and Second Causes of Action directing LCN Defendants to turn over the sum of $668,701.10, plus interest thereon, and (ii) on the Third, Fourth, Fifth, Sixth and Seventh Causes of Action entering judgment in favor of Plaintiff as against LCN Defendants in the sum of $668,701.10, plus interest thereon, and (iii) on the Eighth and Ninth Causes of Action directing LaPuma and LCN Defendants to turn over the sum of $100,280.00, plus interest thereon, and (iv) on the Tenth, Eleventh, Twelfth, Thirteenth, and Fourteenth Causes of Action entering judgment in favor of Plaintiff as against LaPuma and LCN Defendants in the sum of $100,280.00, plus interest thereon, and (v) granting Plaintiff its costs and expenses, including legal fees, in this matter, together with such other, further, and different relief as the Court deems just and proper.

Dated: New York, New York
          July 23, 2014

KLESTADT & WINTERS, LLP

By: */s/ John E. Jureller, Jr.*
          Tracy L. Klestadt
          John E. Jureller, Jr.
          570 Seventh Avenue, 17th Floor
          New York, New York 10018
          Tel. (212) 972-3000

*Attorneys for Plaintiff*

23

**Schedule A - Invoice**

| INVOICE NUMBER | DATE OF INVOICE | INVOICE AMOUNT | AMOUNT PAID/CREDITED | BALANCE |
|---|---|---|---|---|
| 657554 | 9/19/2012 | $768,981.10 | $0.00 | $768,981.10 |
| | | | | **Total: $768,981.10** |